IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:04CR3036 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| BILL LEE SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the revised presentence investigation report and addendum in this case and the defendant's objections and motion for departure or variance.

IT IS ORDERED that:

(1) The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2) The defendant's objections (filing 146, part 1) to drug quantity and criminal history will be resolved at the evidentiary hearing previously scheduled.

1

(3) The defendant's motion for departure or variance (filing 146, part 2) based upon overstatement of criminal history (filing 147, part 1) is denied.[1] In particular, the totality of the defendant's criminal history (PSR ¶¶ 59-72), including the fact that the defendant was barely off parole for the Kansas felony theft conviction (PSR ¶ 67) when he committed the 1992 federal drug offense (PSR ¶ 69), convinces me that the criminal history score of III accurately represents what actually happened and does not understate the likelihood of recidivism. That said, by denying the departure and variance motion, I do not prejudge the objection to criminal history. For purposes of the departure and variance motion, I have simply assumed that criminal history III is correct.

(4) The defendant's motion for departure or variance (filing 146, part 2) based upon extraordinary physical condition (filing 147, part 2),[2] "sentencing entrapment" (filing 147, part 3), and a combination of exceptional circumstances (filing 147, part 4) will be resolved at the evidentiary hearing previously scheduled.

(5) The parties are herewith notified that my tentative findings are that the presentence report is otherwise correct in all respects.

(6) If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion

---

[1] In this regard, I do understand the government's contrary stipulation in the plea agreement to be binding on the court *even if* the Court accepts the plea agreement. In other words, I do not read the stipulation as one made pursuant to Rule 11(c)(1)(C). If I am wrong, the parties should advise me.

[2] I will be particularly interested in knowing more about the condition of the defendant's carotids including whether any blockage can be relieved by a carotid endarterechtomy. If requested, I will consider sending the defendant to a Medical Center for Federal Prisoners in order to have the defendant's medical condition assessed. If the defendant desires such a referral, he should promptly move for it.

challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(7)     Absent submission of the information required by paragraph 6 of this order, my tentative findings may become final.

(8)     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

April 4, 2006.                          BY THE COURT:

                                        s/ *Richard G. Kopf*
                                        United States District Judge